WILLIAM E. ALDEN *vs.* WILLIAM H. THOMPSON.

Androscoggin.    Opinion October 8, 1898.

*Jurisdiction. Disclosure by Debtor. Register of Probate. R. S., c. 113, § 51; Stat. 1887, c. 137; 1897, c. 330.*

The jurisdiction of registers of probate to act in disclosure proceedings was not taken away by the Stat. of 1897, c. 330, relating to disclosure commissioners.

AGREED STATEMENT.

This was an action of trespass to recover damages for an alleged false imprisonment of the plaintiff in the county jail, at Auburn, from the 23rd day of June to the 29th day of June, 1897.

The writ is dated January 3, 1898. The plaintiff was arrested and committed to jail upon an execution issued by Fred O. Watson, the register of probate for the county of Androscoggin, in favor of the defendant, for the costs of a disclosure under and by virtue of

the provisions of chapter 137 of the public laws of 1887 and acts additional thereto.

The parties agreed to the following statement of facts:

The defendant, as surviving partner of the late firm of Jordan and Thompson, recovered judgment on the 11th day of May, A. D. 1897, in the municipal court of the city of Lewiston, against the plaintiff, for the sum of twenty-five dollars and seventy-two cents, debt or damages, and costs of suit taxed at eight dollars and three cents. On the twelfth day of May, 1897, an execution in due form was issued thereon by the clerk of said court, and on the same day, one Harold R. Smith, attorney of record of the defendant, made application in the form prescribed by said chapter 137 to said Watson, the register of probate for the county of Androscoggin, praying for a subpœna to issue to said William E. Alden to appear before said register and make disclosure, in accordance with said chapter 137 and the acts additional thereto and amendatory thereof. On the same day, said Watson duly issued a subpœna to said debtor, commanding him to appear before him at the probate office, in Auburn, in said county, at four o'clock in the afternoon of the nineteenth day of June, 1897. This subpœna was duly served upon the said William E. Alden. Said Watson had not been appointed a commissioner under the provisions of Revised Statutes, Chap. 113, § 51, as amended by the laws of 1897, chapter 330, but acted in his capacity of register of probate for said county. On said nineteenth day of June, the said Alden failed to appear, and his default was recorded by the said Watson, and he failed to obtain the benefit of the oath provided for in section 8 of said chapter, and thereupon, the said Watson rendered judgment in favor of the defendant, William H. Thompson, for his costs, and the legal fees of said magistrate, taxed at three dollars and ninety cents in accordance with section 23 of said chapter 137, and on the twenty-first day of June, 1897, said Watson issued an execution therefor in due form of law, and on the twenty-third day of June, 1897, the said plaintiff was arrested by virtue of said execution for costs so issued by said Watson, and committed to jail in Auburn, in said county of Androscoggin.

It was agreed that all proceedings in making said application to said register of probate, and before and by said register of probate, were in conformity to the provisions of chapter 137, and acts additional thereto and amendatory thereof, provided the said register was authorized by said chapter as amended by chapter 330 of the laws of 1897 to entertain said proceedings.

If the law court should be of the opinion that the said register had jurisdiction in the premises, judgment is to be rendered for the defendant; otherwise, said action is to stand for trial.

*J. P. Swasey and E. M. Briggs*, for plaintiff.

*J. A. Morrill*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J.   Trespass to recover damages for alleged false imprisonment.   The plaintiff was arrested and committed to jail upon an execution in favor of the defendant, issued June 21, 1897, by Fred O. Watson, the register of probate for the county of Androscoggin, for the costs of a disclosure, under the provisions of chapter 137 of the Public Laws of 1887, and acts additional thereto.

The only question raised in the case is whether the jurisdiction of registers of probate to act in disclosure proceedings was taken away by chapter 330 of the Public Laws of 1897.   We think this question must be answered in the negative.

By section 51 of chapter 113 of the Revised Statutes, the supreme judicial court was empowered to appoint disclosure commissioners.   Such a commissioner, upon application of the owner of an unsatisfied judgment, was authorized to take the disclosure of the judgment debtor's business affairs.   By section 3, chapter 137 of the Public Laws of 1887, like jurisdiction to take disclosures was given to judges of probate, registers of probate, and judges of municipal and police courts, and thereafter in the statute, the term "magistrate" was used to designate these officials indiscriminately. Chapter 330, Public Laws of 1897, repealed section 51, chapter

113, of the Revised Statutes, and provided for the appointment of disclosure commissioners by the governor, instead of by the supreme judicial court. The act then provided, in section 2, that the commissioners so appointed should "perform the duties required by chapter one hundred and thirty-seven of the public laws of eighteen hundred and eighty-seven, and acts amendatory thereof and additional thereto." The plaintiff in this case claims that the jurisdiction thus conferred was exclusive—that these duties were to be performed by such commissioners, and by no one else. Were this section to be considered alone, the plaintiff's contention would be entitled to much weight. But we must construe the statute, and ascertain the legislative intention, by an examination of all its parts, and such an examination renders it clear, we think, that the legislature intended that registers of probate and the other officers named in the statute of 1887 should retain their jurisdiction. The act of 1897, after providing for the appointment of disclosure commissioners by the governor, and specifying their duties, proceeded to amend the act of 1887 (chap. 137) section by section. Sections 2, 4, 5, 7, 9, 14, 16, 20 and 21 were thus amended. These sections all relate to the machinery of disclosure proceedings. Section 26, which gave to disclosure commissioners appointed by the court the power to perform the duties required by the act of 1887, was specifically repealed. But section 3 of the act of 1887, the very section which conferred jurisdiction upon registers of probate and the other officers in question, was left intact, and the term "magistrate," which had been applied to all such officers, was retained throughout the chapter. If it was the intention to take away the jurisdiction of these officers, it is inconceivable that it should not have done so by amending the only section which conferred jurisdiction. This was not done, unless by an implication that would be strained indeed, if we construe the chapter as a whole.

It is the opinion of the court, therefore, that Mr. Watson had jurisdiction to issue the execution upon which the plaintiff was arrested, and that in accordance with the stipulation of the parties, the entry must be,

*Judgment for the defendant.*